UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

| | |
|---|---|
| STEWARD HEALTH CARE SYSTEM LLC, | : <br> : <br> : |
| Plaintiff - Petitioner | : <br> : |
| v. | : <br> : <br> : Case No. 22-8026 |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY and ZURICH AMERICAN INSURNCE COMPANY, | : <br> : <br> : <br> : <br> : |
| Defendants - Respondents | : <br> : |

**AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY AND ZURICH AMERICAN INSURANCE COMPANY'S RESPONSE TO STEWARD HEALTH CARE SYSTEM LLC'S PETITION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Respondents American Guarantee and Liability Insurance Company and Zurich American Insurance Company herein adopt and incorporate substantially the same position as stated by Zurich American Insurance Company in its Response to the separate but related Petition for Interlocutory Appeal filed by Medical Properties Trust, Inc. (No. 22-8025).

Plaintiff-Petitioner Steward Health Care System LLC ("Steward") operates Norwood Hospital out of a building owned by Medical Properties Trust, Inc. ("MPT") and leased to Steward. Defendant-Respondent American Guarantee and

1

Liability Insurance Company ("AGLIC") issued a property insurance policy to Steward (the "Steward Policy"). Zurich American Insurance Company ("Zurich") issued a property policy to MPT (the "MPT Policy"). Both policies sublimit coverage for "Flood" using identical wording. Only the amounts of the Flood sublimit differ.

This insurance dispute arises out of a flood at Norwood Hospital in Norwood, Massachusetts. The flood resulted from a torrential rainstorm, which caused water to accumulate and infiltrate the hospital at the ground level and on its roof. On the roof, water collected in and around a rooftop courtyard, as well as other locations, infiltrating the hospital through roof drains, rooftop parapets, and other rooftop openings. As a result of this accumulating rainfall, the hospital experienced water damage not only at its basement and ground levels, but also on its second and third floors.

In this action (the "Steward matter") Steward concedes that the rainwater that accumulated at ground level and inundated the hospital's basement and ground floor is subject to the Flood sublimit, but claims that damage and business interruption loss caused by water accumulating on and then infiltrating the hospital through its roof does not fall within the policy's definition of "Flood" and is thus not subject to the Flood sublimit. AGLIC disagrees and contends that First Circuit and Massachusetts precedent have established that rainwater accumulating on a

roof is "surface water" within the meaning of Flood, thereby making Steward's entire loss subject to the policy's Flood sublimit. This is the same dispute that is at the core of the related MPT matter.[1]

Recognizing the importance of the District Court's interpretation of the Flood sublimit, the parties to the Steward matter and the MPT matter agreed to seek an early resolution of this issue by filing cross-motions for summary judgment.

After reviewing the parties' briefs and hearing (combined) oral argument, the District Court granted partial summary judgment for Defendants AGLIC and Zurich. See **Steward Petition Ex. A**, *Steward Health Care System LLC v. American Guarantee and Liability Insurance Company and Zurich American Insurance Company* (Dkt. No. 48) Nov. 15, 2022. That Order relies on the District Court's earlier memorandum and order on the same issue from the MPT matter, holding that the rainwater that pooled on and then inundated Norwood Hospital's roof was "surface water" within the meaning of the Flood sublimit. In so holding, the District Court relied principally on the First Circuit's decision in *Fidelity Co-op. Bank v. Nova Cas. Co.*, 726 F.3d 31 (1st Cir. 2013). In *Nova*, this Court, applying Massachusetts law, addressed a nearly identical situation, holding that

---

[1] *Zurich American Insurance Co. v. Medical Properties Trust, Inc.*, Case No. 21-cv-11621 (D. Mass.) (herein the "MPT matter").

water that accumulated on and inundated a roof after a severe rainstorm was "surface water," so the damage caused by interior infiltration of that water fell within that policy's nearly identical flood coverage. The District Court further explained that even if *Nova* was somehow not controlling, the two Massachusetts Supreme Judicial Court decisions which *Nova* relied on—*Boazova v. Safety Ins. Co.*, 462 Mass. 346 (2012), and *Surabian Realty Co., Inc. v. NGM Ins. Co.*, 462 Mass. 715 (2012)—clearly established that the rainwater that accumulated on an above-ground, artificial surface like the hospital's roof was "surface water."

On November 22, 2022, the District Court granted Steward's (and MPT's) unopposed request to certify its decision for immediate appeal pursuant to 28 U.S.C. § 1292(b). The District Court defined the controlling question of law as "whether rainwater that lands and accumulates on a parapet roof one or more stories above the ground is 'surface water,' as that term has been defined by the Massachusetts Supreme Judicial Court."

Steward now petitions this Court to permit an interlocutory appeal of the District Court's decision under U.S.C. § 1292(b). Meanwhile, MPT has filed its own petition for interlocutory appeal of the District Court's order, to which Zurich has provided a fulsome response.

## ARGUMENT

As noted in Zurich's response in the MPT matter, ordinarily, the controlling authority cited by the District Court that rejects Steward's exact arguments would all but preclude its Section 1292(b) petition, because there cannot be substantial grounds for a difference of opinion on a question this Court and the Massachusetts Supreme Court have already answered.

But in the unique circumstances of this case, Respondents AGLIC and Zurich nevertheless do not oppose Steward's petition to appeal the District Court's decision now. The proper interpretation of "surface water" is clearly a controlling question of law for purposes of Section 1292(b). And while AGLIC and Zurich believe that question is clearly answered by controlling precedent, Steward clearly disagrees. Most importantly, because of the importance of this policy-interpretation question to the parties' underlying dispute, settling this issue once and for all now will materially advance this litigation by streamlining the issues for trial, facilitating possible settlement, and avoiding the risk of duplicative litigation inherent in deferring Steward's nearly inevitable appeal until after the District Court issues a final judgment.

In the interests of brevity and to avoid unnecessary repetition, AGLIC AND Zurich hereby adopt and incorporate by reference all arguments set forth in

Zurich's response to MPT's petition for interlocutory appeal in the related matter before this Court, No. 22-8025.

## CONCLUSION

While AGLIC and Zurich believe this Court's and the Massachusetts Supreme Judicial Court's decisions clearly reject Steward's interpretation of the phrase "surface waters" in the AGLIC policy, in the unique circumstances of this case, Respondents AGLIC and Zurich do not oppose Steward's petition for this Court to accept interlocutory appeal under Section 1292(b).

Dated: December 12, 2022                    Respectfully submitted,

                                                           */s/ Jonathan D. Mutch*
Jonathan D. Mutch, Esq.
(BBO No. 634543)
ROBINS KAPLAN LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
Tel: (617) 267-2300
Email: JMutch@RobinsKaplan.com

***Attorney for Defendant American Guarantee and Liability Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2022, a copy of the foregoing motion was filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

                                                             */s/ Jonathan D. Mutch*

37455133.2